**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROBERT M. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-cv-00498-SRC |
| | ) |
| ST. LOUIS CITY POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Robert M. Davis for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, this case will be dismissed without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016);*see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who has filed a civil action construed as arising under 42 U.S.C. § 1983. He has named twenty-one separate defendants, all but one a police department: (1) St. Louis City Police Department; (2) St. Louis County Police Department; (3) St. Charles County Police Department; (4) St. Charles City Police Department; (5) Pagedale Police Department; (6) Upland Park Police Department; (7) Normandy Police Department; (8) Missouri Department of Social Services, Family Support Division; (9) Moline Acres Police Department; (10) Beverly Hills Police Department; (11) Richmond Heights Police Department; (12) North

County Police Cooperative; (13) Ferguson City Police Department; (14) Maryland Heights Police Department; (15) St. Ann Police Department; (16) St. John Police Department; (17) Wellston Police Department; (18) Pine Lawn Police Department; (19) Berkeley Police Department; (20) Velda City Police Department; and (21) Riverview Police Department. (Docket No. 1 at 3-23).

In the complaint, plaintiff provides a single page for each defendant. On that page, he presents a numbered list of things he claims were done to him. Most of these assertions amount to legal conclusions, as there is no factual support provided for his statements. For example, plaintiff repeatedly insists that he has been "kidnapped," but does not describe what actually happened to him that amounts to a kidnapping. There is also no indication as to when these events happened or who was involved.

As to the specific claims, plaintiff first alleges that the St. Louis City Police Department "kidnapped [him] 200 times," "stole 6 cars from [him]," "stole 1 motorcycle from [him]," "held [him] in inhumane conditions over 200 times," "[b]eat [him] up while in handcuffs 3 times," "held [him] hostage 200 times," "held [him] for ransom," "held [him] for more than 5 days without showering," "sexually assaulted [him]," defamed him, and "stole 3 guns from [him]." (Docket No. 1 at 3).

Second, plaintiff asserts that the St. Louis County Police department "kidnapped [him] 50 times or more," "stole at least 3 guns from [him]," "stole 5 cars from [him]," "held [him] in inhumane conditions," "held [him] for ransom 50 times," defamed him, and interrogated him against his will. (Docket No. 1 at 4).

Third, plaintiff accuses the St. Charles County Police Department of kidnapping him six times, stealing his car, holding him hostage six times, holding him for ransom six times, falsifying documents, and defaming his character. (Docket No. 1 at 5).

3

Fourth, plaintiff alleges that the St. Charles City Police Department "kidnapped" and "held [him]" hostage four times, held him for ransom, and falsified documents. (Docket No. 1 at 6).

Fifth, plaintiff states that the Pagedale Police Department "kidnapped" him, "stole [his] car," "held [him] hostage," and "held [him] for ransom." (Docket No. 1 at 7).

Sixth, plaintiff likewise states that the Upland Park Police Department "kidnapped" him, "stole [his] car," "held [him] hostage," and "held [him] for ransom."(Docket No. 1 at 8).

Seventh, plaintiff contends that the Normandy Police Department "kidnapped [him] 3 or more times," "stole [his] car 3 times," "held [him] hostage," "held [him] for ransom," defamed his character, and "falsified charges against [him]." (Docket No. 1 at 9).

Eighth, plaintiff asserts that the Missouri Department of Social Services, Family Support Division "tampered with [his] bank account," "tampered with [his] paycheck," and defamed his character. (Docket No. 1 at 10).

Ninth, plaintiff alleges that the Moline Acres Police Department "kidnapped [him] 4 or more times," "held [him] hostage 4 or more times," "took [him] to jail after [a] car accident instead of offering [him] medical care," "falsified charges against [him]," "sexually assaulted [him]," "held [him] for ransom," and defamed his character. (Docket No. 1 at 11).

Tenth, plaintiff states that the Beverly Hills Police Department "kidnapped [him]," "held [him] hostage," and "held [him] for ransom." (Docket No. 1 at 12).

Eleventh, plaintiff similarly states that the Richmond Heights Police Department "kidnaped [him] 3 times," "held [him] hostage," and "held [him] for ransom." (Docket No. 1 at 13).

Twelfth, plaintiff asserts that the North County Police Cooperative "kidnapped [him]," "held [him] hostage," "stole [his] gun," and "held [him] for ransom." (Docket No. 1 at 14).

4

Thirteenth, plaintiff alleges that the Ferguson City Police Department "kidnapped [him] more than 8 times," held [him] hostage 8 times or more," "stole [his] car 3 times," "held [him] for more than 5 days with no shower," "held [him] for ransom," and defamed his character. (Docket No. 1 at 15).

Fourteenth, plaintiff accuses the Maryland Heights Police Department of kidnapping him six times, holding him hostage and holding him for ransom, holding him for more than five days without a shower, and of defaming his character. (Docket No. 1 at 16).

Fifteenth, plaintiff states that the St. Ann Police Department "held [him] hostage," "stole [his] car," "held [him] for ransom," and defamed his character. (Docket No. 1 at 17).

Sixteenth, plaintiff claims that the St. John Police Department "kidnapped [him]," "held [him] hostage," and "held [him] for ransom." (Docket No. 1 at 18).

Seventeenth, plaintiff asserts that the Wellston Police Department "kidnapped [him] 5 times," "stole [his] truck 3 times," "assaulted [him] while in their custody," "held [him] for ransom," "held [him] for 3 or more days without [a] shower," and "stole [his] gun." (Docket No. 1 at 19).

Eighteenth, plaintiff contends that the Pine Lawn Police Department "kidnapped [him] 8 times," "held [him] hostage," "stole [his] truck 4 times," "held [him] for ransom," and defamed his character. (Docket No. 1 at 20).

Nineteenth, plaintiff alleges that the Berkeley Police Department "kidnapped [him]," "held [him] hostage," "held [him] for ransom," and defamed his character. (Docket No. 1 at 21).

Twentieth, plaintiff states that the Velda City Police Department "held [him] hostage," "stole [his] truck," "held [him] for ransom," and defamed his character. (Docket No. 1 at 22).

5

Finally, plaintiff proposes that the Riverview Police Department "kidnapped [him]," "falsified charges against [him]," "extorted [him] for money," and defamed his character. (Docket No. 1 at 23).

As a result of these incidents, plaintiff asserts that he has "been traumatized to the point of PTSD" and that he gets "the shakes when" he sees "red [and] blue lights." (Docket No. 1 at 26). He further states that he has lost time with "loved ones…lost jobs, been portrayed as a criminal, treated like an animal, made to sleep on cold concrete and steel, [and] mentally abused."

Plaintiff seeks to have the Court "overturn all sentences and dismiss all charges and expunge [his] record of all charges." He also asks that the listed police departments be "restrained from contact with [him]." With regard to damages, plaintiff requests $10,000 for each stolen vehicle, $250,000 for each arrest, $10,000 for each sexual assault, and $10,000 for each court appearance. Plaintiff also wants all his child support cases dismissed, and a further $10,000 in damages for the alleged tampering with his bank account.

## Discussion

Plaintiff is a self-represented litigant who has filed a civil action construed as arising under 42 U.S.C. § 1983. Because he is proceeding in forma pauperis, the Court has reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

### A. Claim Against Missouri Department of Social Services, Family Support Division

Plaintiff has sued the Missouri Department of Social Services, alleging that it "tampered" with his bank account and pay check, and that it defamed him. Though he does not provide a single actual fact in support of this claim, the Court surmises that it arises due to plaintiff's dispute regarding his child support obligations. In any event, the Missouri Department of Social Services

is a department of the State of Missouri. Therefore, plaintiff's claim is barred by the doctrine of sovereign immunity.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the

text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

As to the first exception, the Supreme Court has determined that 42 U.S.C. § 1983—under which this case arises—does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent."); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."). With regard to the second exception, the State of Missouri has not waived its immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

In this case, the Eleventh Amendment's sovereign immunity bars plaintiff's claim against the Missouri Department of Social Services for any type of relief, be it monetary or injunctive. Furthermore, neither exception to sovereign immunity is present here. Therefore, plaintiff's claim against the Missouri Department of Social Services must be dismissed.

### B. Claims Against Police Departments

Aside from the Missouri Department of Social Services, plaintiff has named twenty separate police departments as defendants in this action. All of these defendants are subdivisions of local government and are not distinctly suable entities. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. App'x 436,

437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Because plaintiff cannot sue these defendants, the claims against each of the twenty police departments must be dismissed.

### C. Municipal Liability Claims

Even if plaintiff's claims against the police department defendants are treated as claims against the respective cities or counties where those departments are located, they are still subject to dismissal. A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory."). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

This type of liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of St. Louis City, St. Louis County, St. Charles County, St. Charles City, Pagedale, Upland Park, Normandy, Moline Acres, Beverly Hills, Richmond Heights, North County, Ferguson City, Maryland Heights, St. Ann, St. John, Wellston, Pine Lawn, Berkeley, Velda City, and Riverview.

9

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388

(1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Here, plaintiff has not demonstrated that any of the twenty listed municipalities violated his constitutional rights due to a policy, custom, or failure to train.

With regard to policy, nothing in plaintiff's complaint indicates the existence of a single "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body" as being at issue. Certainly, plaintiff has not presented facts showing that any official in any of the twenty listed municipalities made a "deliberate choice of a guiding principle or procedure" that led to the violation of plaintiff's constitutional rights. Instead of supporting the proposition that even one of the twenty defendants had an unconstitutional policy, plaintiff's complaint consists of a series of wholly conclusory statements regarding him being "kidnapped" or held for ransom.

As to an unconstitutional custom, plaintiff has failed to establish the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" any employees of

the twenty municipalities, much less that officials in those municipalities were deliberately indifferent to or tacitly authorized such misconduct. Instead, as noted above, plaintiff's allegations, such as they are, consist of numbered statements containing unsupported legal conclusions.

Likewise, plaintiff has also failed to demonstrate any failure to train or supervise. Specifically, he has not shown that any of the listed municipalities "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." In fact, plaintiff has not presented any facts whatsoever showing that a municipal employee violated his constitutional rights, let alone alleged a "pattern of similar constitutional violations by untrained employees" sufficient to put a municipality on notice.

For all these reasons, plaintiff has not adequately alleged a municipal liability claim against any of the twenty municipalities mentioned in this case. Therefore, these claims must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

## D. Failure to State a Claim

As explained above, sovereign immunity bars plaintiff from suing the Missouri Department of Social Services, while his allegations against the twenty police departments do not adequately state municipal liability claims. For these reasons alone, this action must be dismissed. More fundamentally, however, plaintiff's complaint simply fails to state a claim. As noted above, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. A court must accept the allegations contained in the

complaint as true and make all reasonable inferences in favor of the plaintiff. *Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). However, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Here, plaintiff's allegations against each particular defendant consists of a numbered list of broad statements, all of them consisting of an unsupported legal conclusion. For example, plaintiff claims that almost every defendant "kidnapped" him and held him "hostage" for "ransom." Though he adds no explanation, the Court can deduce that plaintiff is attempting to argue that he was illegally arrested and incarcerated by the various police departments he names as defendants. To that end, "[i]t is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013). However, a false arrest claim under 42 U.S.C. § 1983 "fails as a matter of law where the officer had probable cause to make the arrest." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Plaintiff never adduces any facts to establish that he was illegally arrested without a warrant or probable cause. Instead, he merely rests on his conclusion that whatever happened amounted to an unconstitutional "kidnapping."

The same analysis holds true for his assertions that he had property stolen, false charges brought against him, and his character defamed. In each instance, he presents the legal conclusion without anything to bolster it. This is not sufficient to state a claim. *See Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (explaining that a court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts").

Furthermore, plaintiff's complaint does not comport with the Federal Rules of Civil Procedure. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). The reviewing court looks at the well-pleaded facts in the complaint to determine whether the pleading party has provided the necessary notice, thus stating a claim in the manner contemplated by the Federal Rules. *Parkhill v. Minnesota Mut. Life Ins. Co.*, 286 F.3d 1051, 1057–58 (8th Cir. 2002). Pursuant to Rule 8, "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In this case, plaintiff's allegations do not comprise "a short and plain statement of the claim" showing that he is entitled to relief. Moreover, it does not provide defendants any "notice of the nature and basis or grounds for a claim." To the contrary, his list of accusations fail to show he is entitled to relief, and provides no indication when the events took place, where the events took place, who was involved, and what actions were taken that constituted misconduct. Plaintiff's failure to comply with Fed. R. Civ. P. 8 makes this action subject to dismissal. *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of October 2021.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE